UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60690

EVERGREEN MARINE, LTD,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, EVERGREEN MARINE LTD and files this Complaint against the Defendant, UNITED STATES OF AMERICA, for the actions of its agency, the UNITED STATES COAST GUARD NATIONAL VESSEL DOCUMENTATION CENTER and states as follows.

1. This is a claim is under the Federal Tort Claims Act (28U.S.C. Sec2671, at Sequence.) and 28.U.S.C. Sec 1346(b)(1), for negligence and for the Defendant's failure to properly record a vessel's mortgage at the UNITED STATES COAST GUARD NATIONAL VESSEL DOCUMENTATION CENTER (hereinafter "NVDC" )as appears below.

2. Plaintiff, EVERGREEN MARINE LTD (hereinafter "EVERGREEN") is the owner and purchaser of the motor vessel the M/V "Change of Latitude" /formerly named "Makin Way", United States Official No.: 1120699, a 60 foot, Ocean Alexander design, motor yacht built in 2002. (Hereinafter the "Vessel").

3. The United States Coast Guard National Vessel Documentation Center, ("NVDC") is an agency of the United States Department of Homeland Security, and thus is an agency of the

Defendant, UNITED STATES OF AMERICA.

4.  The NVDC is located in Falling Waters, West Virginia and at all times was doing business in South Florida and within the Southern District of Florida

5.  Venue is proper in the Southern District of Florida because the action resulted in and occurred in this District and because a substantial portion of the events giving rise to this action occurred within this District.

6.  All conditions precedent to the filing of this action have occurred. Plaintiff has fully complied with the provisions of 28U.S.C. Sec 2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A). This suit has been timely filed and that the Plaintiff has timely served notice of this claim of the United States Coast Guard and the United States Coast Guard Vessel Documentation Center less then two years after knowledge of indent forming the basis of this suit.

7.  The claims here are brought against the Defendants pursuant to the Federal Tort Claims Act (28U.S.C. Sec2671, at Sequence.) and 28.U.S.C. Sec 1346(b)(1), for money damages as compensation damages caused by the Defendants negligence. Plaintiff is now filing this complaint pursuant to 28U.S.C. Sec 2401(b) after the failure of the Defendants, and the NVDC and the United States Coast Guard to respond to the administrative claim.

8.  This claim revolves around the purchase of the Motor Yacht "Makin Way" (renamed after purchase, the "Change of Latitude" , U.S. Documentation Number 1120699. (Hereinafter, the "Vessel".)  On or about January 2, 2003, the original owner of the Vessel, OIA, LLC through it's managing member Steven W. White duly made executed and delivered to Provident Bank of Maryland a  Preferred Ship's Mortgage/Security Agreement in the amount of $683,212.37 as

security for payment of the loan of the Vessel.

9. This mortgage was sent to be duly recorded by the United States Coast Guard National Vessel Documentation Center on January 6, 2003, Book 03-24 Page 479 on the Vessels Abstract of Title. (Please see copy of the Vessel's original abstract of title as Exhibit B). This recorded instrument constitutes and records a valid maritime lien in the Vessel.

10. In and around the Spring of 2012, Plaintiff, EVERGREEN, began taking steps to purchase the subject Vessel.

11. EVERGREEN, in accordance with consistence marine practice requested the United States Coast Guard/National Vessel Documentation Center to determine if there was mortgage on the Vessel prior to purchase of the Vessel and to produce the vessel's Abstract of Title.

12. The Plaintiff received notice back from the NVDC that there was no mortgage on the Vessel. Based on that information, the Plaintiff purchased the Vessel believing that it was free and clear without a mortgage.

13. On or about March 30, 2012 OIA, LLC and Steven White sold the subject Vessel to EVERGREEN and took the purchase funds and failed to payoff M&T Bank mortgage.

14. Sometime thereafter an unverified claim was made that there may be a prior unrecorded mortgage on the Vessel, despite the fact that the NVDC produced an Abstract of Title that assured the Plaintiff/Buyer that there was no recorded mortgage on the Vessel.

15. Plaintiffs, through their legal representatives made inquires to the NVDC and on April 29, 2015, the Documentation Officer wrote to the Defendant's representatives stating that the National Vessel Documentation Center failed to properly record on the document. (See Exhibit C.)

          Case No.
          Page 4

16.    After review by the NVDC, it was determined that the Defendant's agency, the NVDC, improperly and negligently failed to record the previous mortgage or disclose the previous mortgage to the Plaintiff and it's new mortgage holder. (See Exhibit C.)

17.    The Defendant through the NVDC stated in a letter response that "we believed that this new abstract entry was inadvertently not scanned into the electronic system which would have superceded the previous abstract of title of the vessel filed". (See Exhibit C.)

18.    The Plaintiff relied on the representation of the Defendants that the Vessel had no mortgage upon the it as reflected in the abstract provided by the Defendant to EVERGREEN.

19.    The National Vessel Documentation Center has admitted that it failed to properly record the Ship's Mortgage on the abstract of title. (See Exhibit C.)

20.    On 11/09/2015, the M & T Bank, which held the Mortgage on the Vessel filed suit in the U.S. District Court for the Southern District of Florida, case # 15-cv-61488-BB, to foreclose on the mortgage on the vessel and against EVERGREEN. (See Complaint Exhibit D).

21.    As a result of the failure of the Defendants to properly record the mortgage, under maritime law, the Plaintiff owner of the Vessel was subject to having to pay for the Mortgage or lose it's Vessel to the foreclosure lawsuit. (See Exhibit D.)

22.    On March, 13, 2017, the Bank and the Plaintiff EVERGREEN reached a settlement which was approved by the Court to avoid foreclosure on the Vessel in the amount of $275,000.00 for the balance of the Mortgage. (See Exhibit E.)

23.    During this time, the Vessel was seized and suffered damages as a result of the seizure, while it was removed from it's owners care and custody, including hurricane damage while

under arrest, wear and tear, exposure to the elements, diminution in value and mechanical, cosmetic and other damages and losses. (See Exhibit A)

## COUNT I - NEGLIGENCE

Plaintiff, re-alleges and re-incorporates the allegations of paragraphs 1 - 23 above as if fully set forth herein.

24.     The NVDC is the repository of Vessel Documents and Abstracts of Title for U.S. documented vessels, such as the Motor Yacht "Makin Way" (renamed after purchase, the "Change of Latitude" , U.S. Documentation Number 1120699.

25.     The Defendant acting through the NVDC had a duty to provide ordinary care, to exercise that standard and degree of care and skill required in the operation of its duties it presented to the marine community at large.

26.     The Plaintiff, EVERGREEN, in accordance with consistence marine practice requested the United States Coast Guard/National Vessel Documentation Center to determine if there was mortgage on the Vessel.

27.     The Plaintiff, relied on the Defendant acting through the United States Coast Guard/National Vessel Documentation Center to determine if there was mortgage on the Vessel.

28.     The Defendant improperly and negligently failed to record the previous mortgage or disclose the previous mortgage to the Plaintiff and it's new mortgage holder (See Exhibit C.)

29.     As a result of the admitted failure of the Defendants to properly record the mortgage, under maritime law, the Plaintiff owner of the Vessel was subject to having to pay for the Mortgage or lose its Vessel to the foreclosure lawsuit. (See Exhibit D.)

Case No.<br>Page 6

30. As a result of the failure of the Defendants to properly record the mortgage, the Vessel was seized and suffered damages as a result of the seizure, while it was removed from it's owners, including hurricane damage while under arrest, wear and tear, exposure to the elements, diminution in value and mechanical, cosmetic and other damages and losses

31. As a result of this negligence on the part of the National Documentation Center, the Plaintiff has been damaged in the amount of at least $443.441.60 (See Exhibit A.)

32. This amount of damages has continued to increase as the Plaintiff has not been able to fully repair the Vessel.

Wherefore, the Plaintiff EVERGREEN MARINE, LTD., demands damages against the Defendant as a result of the negligence as well as costs, interest and any other such relief that this Court finds just and appropriate.

Dated March 14th, 2018 in Broward County, Florida.

Respectfully submitted,

KARCHER CANNING & KARCHER
Attorneys for Evergreen Marine Ltd.
760 N.E. 7th Avenue
Dania Beach, FL 33004
Tel:    954/356-6999
Fax :   954/929-7799
E-mail:  mrk@ukandk.com

By:  /s/ *Michael R. Karcher*
        MICHAEL R. KARCHER
        FLORIDA BAR NO.  516287