UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale)

CASE NO: 0:18-cv-60690-FAM

EVERGREEN MARINE, LTD.

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.
_____/

**PLAINTIFF EVERGREEN MARINE, LTD'S MOTION TO**
**AMEND COMPLAINT AS A MATTER OF COURSE PER RULE 15(a)(1)(B)**

Plaintiff, EVERGREEN MARINE, LTD. ("EVERGREEN"), pursuant to Rule 15(a)(1)(B), moves for leave to file its Amended Complaint and says:

1. EVERGREEN requires leave to amend to elaborate on duties breached by the Defendant to show:

    1) The extent of regulatory duties.

    2) How the breach of those duties is also a cause of action under Florida State Law.

<u>Memorandum of Law</u>

Fed. R. Civ. P. 15(a)(1)(B) would ordinarily permit the proposed amended complaint as a matter of course, except that more than 15 days has passed since the filing of the initial complaint.

In cases where amendment is not available as a matter of course, Rule 15(2) states that the court should freely give leave to amend when justice so requires.

Here, justice requires that EVERGREEN be granted leave to amend its Complaint to clarify that the regulatory duties to maintain vessel documentation records that were breached by the Defendant United States of America (the "Government") through its agency, the National Vessel Documentation Center ("NVDC") were 1) distinct from any representations it made concerning those records and 2) were also breaches of common law duties under state law.

EVERGREEN has discussed the NVDC's regulatory duties at length in its Response to Defendant's Motion to Dismiss (DE 15) and adopts those arguments as if fully set forth here.

As noted by the Government in its Reply to Plaintiff's Response to Defendant's Motion to Dismiss (DE 18), the United States may be held liable in tort only to the same extent as a private individual under state law. The United States is liable only "in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), and "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674.

Florida law recognizes a cause of action for negligence as set forth in Restatement (Second) of Torts, Sec. 323, also called the "undertakers doctrine," which holds that "one who undertakes, gratuitously, or for consideration, to render services to another, which he should recognize as necessary for the protection of the other person's things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance on such undertaking. *Blackmon v. Nelson, Hesse, Cyril, Weber & Sparrow,* 419 So. 2d 405, 406.

As shown on the attached Amended Complaint, the allegations have been amended to demonstrate both the federal regulatory and state common law duties breached by the NVDC.

WHEREFORE, Plaintiff, EVERGREEN MARINE, LTD., respectfully requests this Court grant leave to amend and accept as filed the attached Amended Complaint.

Dated: September 17, 2018.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that Counsel for the movant has conferred with counsel for Defendant and Defendant objects to the relief sought.

Respectfully submitted,

**/s/Andrew H. High**
ANDREW H. HIGH
Fla. Bar No. 41150
LUXURY LAW GROUP
909 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954)745-0799
Facsimile: (954) 343-5257
Email: ahigh@luxurylawgroup.com
*Co-Counsel for Plaintiff, Evergreen Marine, LTD.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via CM-ECF service this 17 day of September, 2018.

      **By: /s/Andrew H. High**