UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale)

CASE NO: 0:18-cv-60690-FAM

EVERGREEN MARINE, LTD.

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

_____/

**PLAINTIFF EVERGREEN MARINE, LTD'S REPLY TO RESPONSE
TO MOTION TO AMEND COMPLAINT
AS A MATTER OF COURSE PER RULE 15(a)(1)(B)**

Plaintiff, EVERGREEN MARINE, LTD. ("Evergreen"), pursuant to Rule 15(a)(1)(B), replies to Defendant United States of America's (the "Government") Response to Plaintiff's Motion to Amend Complaint and says:

1. The Government incorrectly maintains that Florida's Undertakers Doctrine does not apply unless there is "physical harm." Consequently, they mistakenly argue that since Evergreen suffered only economic loss resulting from the Government's failure to record a First Preferred Ship Mortgage, Florida law is inapplicable.

Memorandum of Law

This Reply is intended solely to respond to the Government's contentions that require further discussion, namely, whether the Undertakers Doctrine creates liability for economic harm. It does not respond to issues that EVERGREEN believes were adequately discussed in its Motion, and EVERGREEN intends no waiver of these issues by not restating them.

In support of the allegations of its proposed Amended Complaint, EVERGREEN cited *Blackmon v. Nelson, Hesse, Cyril, Weber & Sparrow,* 419 So. 2d 405, 406. In *Blackmon*, the plaintiff, a legal secretary sued her law office manager for failing to obtain coverage under the law office's group health plan. The Court allowed the claim to proceed under the Restatement (Second) of Torts section 323 for Negligent Performance of Undertaking to Render Services. The claim was allowed even though the plaintiff had not pled "physical harm."

The cases relied on by the Government are legally and factually distinct from *Blackmon.* Foremost, all of them stem from a cite to *Cassamassina v. U.S. Life Ins. Co. in City of New York,* 958 So.2d 1093, 1102 (Fla. 4th DCA 2007). In *Cassamassina,* the Court found that an insurance agent had no <u>duty</u> to the plaintiff to fill out an application in what amounted to a "contract negotiation." *Id.* Although the court also mentioned the lack of physical harm, its decision was based on the lack of duty owed to plaintiff.

Similarly, in *Johnson v. Badger Acquisition*, 983 So.2d 1175, 1186 (Fla. 2d DCA 2008), also cited by opposing counsel, the court found no <u>duty</u> was owed by defendant to plaintiff. The case was brought by the Estate of Mrs. Johnson, a nursing home resident who allegedly suffered pain and aggravation of existing medical conditions before dying as a result of the administration of improper medication. Among the defendants was a consulting pharmacist who provided services to the nursing home, who allegedly failed to contradict the medication recommended by Mrs. Johnson's physician. The Court rejected the plaintiff's "voluntary undertaking doctrine" as a basis for a legal duty where the pharmacist was required by statute and law to provide counseling concerning medication, by stating that the services were not "voluntary," nor had the

pharmacist been engaged to perform a service on which Johnson reasonably relied. In citing to *Cassamassina,* the *Johnson* court focused on whether the "undertaker" was engaged to "perform a service reasonably expected to be relied upon by a stranger to the engagement," and not on whether the engagement resulted in physical harm (which was not an issue), and found no reliance was demonstrated. *See id.* at 1186.

Likewise, in *Tolz v. Geico Gen. Ins. Co*., No. 08-80663-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 137467 at *13 (S.D. Fla. July 16, 2009), the court principally found no common law duty owed by an insurance company adjuster to a third-party claimant, (even though the court also mentioned the lack of physical harm). *Id.*

In sum, the cases relied on by the defendant did not turn on whether the plaintiff had suffered physical harm, and instead, were dismissed because there was no duty owed to the plaintiff.

Here, the Government has not disputed that a duty was owed to Evergreen, but only that the resulting harm was not a personal injury. *Blackmon* v. *Nelson*, *at al,* shows that economic loss is not prohibited by Florida's undertaker doctrine.

        Respectfully submitted,

        **/s/Andrew H. High**
        ANDREW H. HIGH
        Fla. Bar No. 41150
        LUXURY LAW GROUP
        909 East Las Olas Boulevard
        Fort Lauderdale, Florida 33301
        Telephone:   (954)745-0799
        Facsimile:    (954) 343-5257
        Email: ahigh@luxurylawgroup.com
        *Co-Counsel for Plaintiff, Evergreen Marine, LTD.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via CM-ECF service this 3rd day of October, 2018.

        **By:  /s/Andrew H. High**