UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case Number: 18-60690-CIV-MORENO

EVERGREEN MARINE, LTD.,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

THE MATTER was referred to the Honorable Barry S. Seltzer, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Dismiss, filed on July 23, 2019 and Plaintiff's Motion for Leave to Amend filed on September 17, 2019. The Magistrate Judge filed a Report and Recommendation (**D.E. 25**) on **January 3, 2019**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Barry S. Seltzer's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant's Motion to Dismiss is GRANTED as set forth below and the Motion for Leave to Amend is DENIED.

Plaintiff filed this suit against the United States (Coast Guard), which failed to communicate to Plaintiff that a vessel had a recorded lien. The Plaintiff received an Abstract of Title from the Coast Guard prior to purchasing a 60-foot vessel and relied to its detriment on the

representation from the Coast Guard that title on the vessel was free and clear. Indeed, the vessel had a mortgage and the bank later moved to foreclose on the vessel that Plaintiff purchased.

The Magistrate Judge recommends granting the Government's motion to dismiss, which argues the Federal Tort Claims Act does not waive sovereign immunity for misrepresentation claims against the United States. The Magistrate Judge also recommends the Court find that Plaintiff's claim was timely filed. The Plaintiff objects to the recommendation that there is no waiver of sovereign immunity for misrepresentation claims and the Government objects to the recommendation that the claim is timely. The Government also argues that the Court need not reach the timeliness issue, if it adopts the Report and Recommendation finding there is no waiver of sovereign immunity. Finally, the Magistrate Judge recommends the Court deny Plaintiff leave to amend because Plaintiff's injury stems from the Government's misrepresentation to it, and any amendment trying to recast that claim as one for negligence would be futile.

Plaintiff objects to the Magistrate Judge's Report on the sovereign immunity issue in two ways. First, it tries to recast its claim as one for negligence, i.e. that the Coast Guard failed to use reasonable care in recording the mortgage in its electronic filing system. Plaintiff argues there is no waiver of sovereign immunity for a negligence claim. Plaintiff's second objection is that its claim should proceed because the Coast Guard failed to comply with its statutory obligations, when it improperly allowed the vessel to be deleted from U.S. documentation and approved a transfer to the Marshall Islands. The Magistrate Judge disagreed with Plaintiff's arguments. Rather, he found, and this Court agrees, that the Coast Guard's flawed communication caused the Plaintiff's injury and thus, is barred by the Federal Tort Claims Act's exception to the waiver of sovereign immunity for misrepresentation claims. Plaintiff relies on *Block v. Neal*, 460 U.S. 289, 298 (1983) to argue that this is a claim for negligence, for which it can sue the Government. The Magistrate Judge aptly distinguishes *Block* because in that case the

Government undertook to supervise construction, and there were construction defects. In *Block*, the negligent misrepresentation claim was barred, however, because the Government undertook to supervise the construction project, the Supreme Court allowed the claim for negligent supervision to proceed against the Government, as a separate and distinct harm. That is not the case here, where the only injury is that the Government failed to properly represent the existence of a lien.

Plaintiff also argues that the Government's deletion of the vessel from the U.S. Ship Registry is actionable. The Magistrate Judge also addresses this issue and finds that there is nothing in the statutes that creates a duty of care that the Government must exercise as to the Plaintiff or that would subject it to tort liability. The change of registration also did not create the Plaintiff's injuries. The injury stems from the Government's misrepresentation that the vessel had no lien.

Finally, the Magistrate Judge addressed the Plaintiff's motion for leave to amend the complaint and recommends the motion should be denied as amendment would be futile. This Court agrees. *See JBP Acquisitions LP v. United States*, 224 F.3d 1260, 1264 (11th Cir. 2000) ("[A] Plaintiff cannot circumvent the misrepresentation exception simply through the artful pleading of its claims."). Having agreed that there is no waiver of sovereign immunity for Plaintiff's misrepresentation claim, the Court need not decide whether the claim was timely filed.

DONE AND ORDERED in Chambers at Miami, Florida, this 22 of February 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Barry S. Seltzer

Counsel of Record

3